UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KENNETH SHEPHERD

VERSUS

EXXON MOBIL CORPORATION
SGS NORTH AMERICA, INC. and
KIRBY INLAND MARINE, LP

CIVIL ACTION

NO. 06-509-JJB-DLD

**RULING ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the court on a motion for summary judgment (doc. 68) filed by defendant SGS North America, Inc.  Exxon Mobil Corporation ("Exxon Mobil") filed a memorandum requesting to join in the motion for summary judgment.[1] The plaintiff requested a motion for extension of time to file a response and despite the granting of time, plaintiff failed to file an opposition. Oral arguments with respect to this motion are not necessary. This court's jurisdiction exists pursuant to 28 U.S.C. §1332.

Plaintiff, Kenneth Shepherd brought suit against Exxon Mobil Corporation, SGS North America, and Kirby Inland Marine alleging he sustained injuries as a result of exposure to benzene while working on a Kirby barge located on Exxon Mobil premises.[2] According to his petition Shepherd was employed by SGS North

---

[1] Document 70
[2] Plaintiff's Petition for Damages (doc. 68-4).

1

America, INC. However the record fails to establish what relationship Exxon Mobil has to the plaintiff. If Exxon Mobil claims to be plaintiff's statutory employer, there is no mention of this in the briefs.

## Defendants' Arguments

SGS seeks summary judgment claiming immunity from tort under Louisiana workers' compensation law (La. R.S. 23:1032). Defendant argues that plaintiff cannot create a genuine issue of material fact relative to his claims of intentional tort. Consequently plaintiff cannot assert a claim outside of workers' compensation.

In his deposition, Kenneth Shepherd testified that he was a senior petroleum inspector for SGS[3] and he was trained by his employer on the appropriate manner in which to inspect a barge.[4] In addition, the plaintiff testified that using the protocols taught by SGS, he had inspected "hundreds" of barges.[5] The plaintiff testified that he opened the vent stack and waited to hear the pressure release from the vent.[6] After waiting for an amount of time that he deemed appropriate, the plaintiff approached the "ullage hatch" to open the

---

[3] Depo page 42

[4] Depo page 123

[5] Depo page 44

[6] Depo page 46

2

barge for inspection. Shepherd turned the "dog leg" handle two times when the hatch blew off, purportedly as a result of the pent up pressure.[7]

Defendant alleges that plaintiff was taught that a barge loaded with chemical may experience an increase in pressure. Furthermore, defendant argues that plaintiff had the ability to stop the work if he felt that it was unsafe to perform the job. With the experience he gained from hundreds of barge inspections, Shepherd made a determination to proceed because he felt it was safe to do so. SGS argues that the plaintiff has failed to come forth with any evidence which would create a material issue of fact with regard to the intent or knowledge of SGS.

### Plaintiff's Argument:

While plaintiff has failed to file a brief, he makes the following claims in his pleadings. Plaintiff alleges that his employer knew the effects of exposing him to toxic chemicals, knew that there was a chemical release in the rigging equipment which very likely contained benzene, knew of the extreme dangers of exposure to benzene, but nevertheless ordered him to wade into the water knowing he would be exposed to the liquids and vapors of the chemicals. Plaintiff claims that Exxon Mobil and SGS breached their duty of care owed to petitioner and were substantially certain the petitioner's injuries would occur by failing to warn petitioner of the trapped benzene and homologues, by allowing petitioner to release pressure off a barge which contained trapped benzene and homologues,

---

[7] Depo page 46-48

and by allowing Petitioner to release pressure off a barge which contained trapped benzene and homologues without proper safety equipment.

After being doused with the toxic chemicals, Shepherd alleges he breathed trapped benzene and homologues for at least thirty minutes while waiting for instructions on how to respond from Exxon Mobil Corporation personnel. Plaintiff alleges that Exxon Mobil delayed medical treatment for hours and, as a result of this toxic exposure, he sustained lost wages, impairment of earning capacity, mental anguish, and serious personal injuries.

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. Rule Civ. P. 56(c). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

When the burden at trial rests on the non-moving party, as it does here, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.*

4

Although this Court considers the evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the non-moving party. *Celotex*, 477 U.S. at 322; *see also*, Fed. Rule Civ. P. 56(c).

## Analysis

This court must apply substantive state law to resolve diversity disputes. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). The parties agree that Louisiana law governs this dispute.

La. R.S. 23:1032 provides that unless injury resulted from an "intentional act," workers' compensation is an employee's exclusive remedy against his employer for injuries incurred in the normal course and scope of employment.[8] The court agrees with the SGS that plaintiff has failed to assert a genuine issue of material fact.

Louisiana courts define "intentional act" as one in which the actor either:

---

[8] La. R.S. 23:1032(A) - (B); See also *Reeves v. Structural Pres. Sys.*, 98-1795 (La. 3/12/99), 731 So.2d 208, 210.

5

1. Consciously desires the physical result of his act, whatever the likelihood of the result happening from his conduct, or

2. Knows that the result is "substantially certain" to follow from his conduct, whatever his desire may be as to that result."[9]

The "intent" element refers to the consequence of the act, not the act itself.[10] As stated by the Louisiana Supreme Court:

> [O]nly where the actor entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow has an act been characterized as intentional.[11]

The Louisiana Supreme Court recently affirmed its strict position on the exception in *Marino v. Martin's Oil Country Tubular, Inc.*[12] In that case, the Court discussed that,

> "Substantially certain to follow" requires more than a reasonable probability that an injury will occur and "certain" has been defined to mean "inevitable" or "incapable of failing."[13]

> The employer's mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the "substantially certain requirement."[14]

---

[9] *Abney v. Exxon Corp.*, 98-0911 (La. App. 1 Cir. 9/24/99), 755 So.2d 283, 288.

[10] *White v. Monsanto Co.*, 585 So.2d 1205, 1208 (La. 1991).

[11] *Id.*

[12] *Marino v. Martin's Oil Country Tubular, Inc.* 2006-0898 (La. 6/23/06), 2006 WL 1735251.

[13] *Id.*

[14] *Id.*

Subsequently, the United States Fifth Circuit Courts of Appeal has echoed the above pronouncements in *Guillory v. Domtar Industries, Inc.*, 95 Fd 3d 1320 (5th Cir. 1996), stating that the intentional act exception is narrowly interpreted.[15]

In *Guillory*, the plaintiff was injured when a fork fell off a forklift and struck him in the head.[16] Plaintiff sought recovery against his employer outside of workers' compensation. Though the evidence presented showed that some employees and supervisors were aware that several forks had detached from forklifts when retaining bolts were not used and though the evidence showed, that some employees knew that the forks on the subject forklift had fallen off while they were operating the forklift machine, this evidence by itself cannot establish the substantially certain test on the part of the employer.[17] The substantially certain test is not met where the circumstances create a "high probability" of injury.[18] The exception is not met where the employer's acts or omissions constitute "gross negligence."[19] The district court determined that at

---

[15] *Guillory v. Domtar Industries, Inc.*, 95 Fd 3d 1320 (5th Cir. 1996); *Dark v. Georgia-Pacific Corp.*, 176 Fd Appx. 569 (5th Cir.(La.) 2006)

[16] *Id.*, at 1320.

[17] *Id.*, at 1327.

[18] *Id.*, at 1328 (internal citations omitted).

[19] *Id.*

best, the evidence presented established negligence which does not allow an injured employee recovery outside of the workers' compensation system.[20]

Similarly, in *Dark v. Georgia-Pacific Corp.*, 176 Fd Appx. 569 (5th Cir.(La.) 2006), this Honorable Court directly addressed the intentional act exception to the Act. The plaintiff in that case was an employee of Georgia-Pacific who was injured when he fell seven feet into an open converter pit. Plaintiff asserted a claim in tort based on the fact that there was no barrier around the pit door when it was open and that the pit door, pit walls and floor surface were all the same color which created a dangerous condition. Plaintiff also claimed that Georgia-Pacific knew of the dangerous condition. In discussing Louisiana's strict application of the exception, this Court stated,

> Employees are not liable under the intentional act exception for violations of safety standards or for failing to provide safety equipment.... believing that someone may, or even probably will, eventually get hurt if the workplace practices continue does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation.[21]

In conclusion, plaintiff, Kenneth Shepherd has failed to present any evidence by testimony or otherwise to create a genuine issue of material fact relative to the incident being "intentional." Even if SGS had knowledge that a pressure release would likely contain benzene or of the dangers associated with

---

[20] *Id.*

[21] *Id.*, at 571, *citing, Reeves v. Structural Pres Sys.*, 731 So.2d 208, 211-12 (La. 1999).

8

benzene exposure absent the use of proper safety equipment, under Louisiana law, without evidence that it intentionally and consciously desired the **result** of any alleged exposure, plaintiff is limited to recovery against SGS in workers' compensation. Once a defendant has properly supported a motion for summary judgment the plaintiff may not rely upon the allegations of his petition. Without question this is a harsh result for injured workers who suffer from hazardous work place conditions that could have been avoided by the employer's actions. Nevertheless that is a matter to be corrected by the State Legislature and not by the courts. Accordingly, the *Motion for Summary Judgment* (doc. 68) is hereby **GRANTED** as to the claims brought under state tort law against SGS. The court makes no disposition of the claim against Exxon Mobil or the pending motion to amend, which is currently before the magistrate judge.

Baton Rouge, Louisiana, March 11, 2009.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA