UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KENNETH SHEPHERD                                        CIVIL ACTION

VERSUS                                                  NO. 06-509-JJB

EXXON MOBIL CORPORATION,
SGS NORTH AMERICA, INC. and
KIRBY INLAND MARINE, LP

## RULING ON MOTIONS

This matter is before the court on a Motion for Summary Judgment (Doc. 84), and a Motion for Rule 54 Judgment of Dismissal, (Doc. 82) ("Motion for Judgment of Dismissal") both filed by Defendant, SGS North America, Inc. ("SGS"). The Motion for Summary Judgment is filed by SGS in its capacity as defendant in a cross claim brought by Kirby Inland Marine, LP ("Kirby"). The Motion for Judgment of Dismissal is filed by SGS in its capacity as a defendant in the main demand brought by Plaintiff, Kenneth Shepherd. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. There is no need for oral argument.

## BACKGROUND

Plaintiff, Kenneth Shepherd, brought suit against Exxon Mobil Corporation, SGS, and Kirby alleging he sustained injuries as a result of exposure to benzene

1

while working on a Kirby Barge located on Exxon Mobil's premises.[1]  Shepherd was employed by SGS.

## LAW AND ARGUMENT

**SGS's Motion for Summary Judgment**

**I.     Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case.[3]

Although this Court considers the evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial.[4] Conclusory allegations, speculation, and unsubstantiated assertions will not satisfy the non-moving party's burden.[5]  Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence."[6] If, once the non-moving party has been given the opportunity to raise

---

[1] Plaintiff's Petition for Damages (Doc. 68-4).
[2] Fed. Rule Civ. P. 56(c).
[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).
[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).
[5] *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996).
[6] *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991), *cert. denied*, 507 U.S. 1051.

a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party.[7]

## II.     The Master Service Agreement is Not Applicable

In its cross-claim, Kirby claims that SGS owes Kirby defense and indemnity pursuant to a Kirby/SGS Master Service Agreement ("MSA") dated February 12, 2004.  There is no dispute that on or around June 20, 2005, the time of the incident in question, this MSA was in effect.  However, SGS submits that at the location of the Plaintiff's accident, SGS was not working for Kirby or as a Kirby contractor.  Therefore, SGS argues, the MSA does not apply and SGS has no contractual obligation to defend, indemnify or hold harmless Kirby from the claims asserted by Plaintiff.  SGS supports this claim with the affidavit of Ricky Baltazar, Branch Manager of SGS's Baton Rouge office at the time of Plaintiff's accident.[8]

Kirby agrees with SGS that the fact in dispute is whether Kirby was actually working for SGS at the location of Plaintiff's accident and whether the MSA ultimately should apply.  However, Kirby argues that this presents a genuine issue of material fact not appropriate for summary judgment.  The Court disagrees.

---

[7] *Celotex*, 477 U.S. at 322; *see also*, Fed. Rule Civ. P. 56(c).
[8] Doc. 84-5, "Exhibit B" Affidavit of Ricky Baltazar.  This affidavit states, in pertinent part, "That he [Baltazar] is familiar with the business, activities, and operation of SGS, including having knowledge of which customer SGS was working for at a given time," and that " on June 20, 2005, at the location of SGS employee Kenneth Shepherd's accident, SGS was not working for Kirby or as a Kirby contractor."

As mentioned above, although this Court considers summary judgment evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial.[9]  As Branch Manager, Mr. Baltazar was aware of the operations of SGS in Baton Rouge, and possessed the requisite knowledge of which customer SGS was working for at a given time. To controvert this evidence, Kirby presents only the deposition testimony of Plaintiff Sheppard, a former barge inspector for SGS.  Kirby fails to offer any explanation as to why Sheppard would be privy to any information regarding the contractual agreements under which SGS was performing work.  While Sheppard states in his deposition that he knew SGS was working for Kirby at the time of the incident "[b]ecause at that time…we [SGS] handled 90% of the bulk load at Exxon"[10], this and this alone is the only evidence that Kirby has offered in support of its claim.  Kirby offers nothing in the form of affidavits of Kirby personnel, nor has Kirby produced a work order field ticket for the barge in question or any other form of documentation that supports its position.  Needless to say, conclusory allegations, speculation, and unsubstantiated assertions are not competent summary judgment evidence,[11] and Kirby has failed to demonstrate that its claim is based on anything other than mere speculation.

In its opposition brief, Kirby additionally argues that SGS's indemnity obligation in the MSA is triggered by a claim for personal injury brought by an

---

[9] *Anderson*, 477 U.S. at 248.
[10] Deposition of Kenneth Sheppard, Doc. 91-2, Exhibit A, pp. 128-129.
[11] *Grimes,* 102 F.3d at 139.

employee of SGS, and that Article 6.8 of the MSA requires SGS to name Kirby as an additional assured on all such insurance policies required for purposes of complying with the indemnity obligations of the MSA.  These arguments, however, have no merit here, as these contractual provisions from the MSA do not apply to the incident at hand.  Section 1.0 of the MSA, which refers to SGS as "Contractor", states that "Upon Kirby's issuance of verbal and/or written orders for performance of work by Contractor, *Kirby and Contractor agree that the terms of this Agreement shall control and govern all work performed by Contractor for Kirby*." (emphasis added)  Kirby has presented no evidence to suggest that a verbal or written work order was issued by Kirby in connection with the work being performed at the time of the alleged accident.  Additionally, Kirby has failed to offer evidence from any Kirby employee to suggest that SGS was working for Kirby at the time of the accident.  Therefore, since there is no summary judgment evidence showing that SGS was working for Kirby at the time of Plaintiff's alleged accident, the provisions of the MSA are inapplicable to the incident at issue, and SGS does not owe Kirby defense, indemnity, or additional assured status in connection with Plaintiff's accident.  Thus, SGS's Motion for Summary Judgment is GRANTED.

**SGS's Motion for Rule 54 Judgment of Dismissal**

On February 26, 2009, Plaintiff filed a Motion for Leave of Court to Amend his petition, among other things, to add that "Jurisdiction of this matter is

5

conferred by 905(b) of the Longshore Act." (Doc. 80)  As a result of Plaintiff's amended petition being allowed into the record (Doc.87), new claims against Shepherd's employer, SGS, have emerged.  Accordingly, in the interest of avoiding the adjudication of piecemeal claims in this matter, SGS's Motion for Rule 54 Judgment of Dismissal is DENIED.

## **CONCLUSION**

Accordingly, SGS's Motion for Summary Judgment (Doc. 84) is hereby GRANTED.

The Motion by SGS for Rule 54 Judgment of Dismissal (Doc. 82) is hereby DENIED.

Signed in Baton Rouge, Louisiana, on July 7, 2009.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**